**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 5, 2019**

# In the Court of Appeals of Georgia

A19A0804. ACCC INSURANCE COMPANY OF GEORGIA v. McF-028
WALKER et al.

McFADDEN, Chief Judge.

Where "an insurer assumes and conducts an initial defense without effectively notifying the insured that it is doing so with a reservation of rights, the insurer is deemed estopped from asserting the defense of noncoverage regardless of whether the insured can show prejudice." *World Harvest Church v. GuideOne Mut. Ins. Co.*, 287 Ga. 149, 156 (2) (695 SE2d 6) (2010). "For a reservation of rights to be effective, the reservation must be unambiguous; if it is ambiguous, the purported reservation of rights must be construed strictly against the insurer and liberally in favor of the insured." Id. at 152–53 (1).

At issue is whether ACCC Insurance Company of Georgia is estopped from asserting the defense of noncoverage. ACCC moved for summary judgment on that issue. The trial court denied the motion, and ACCC appeals. We hold that there are genuine issues of material fact, so we affirm.

1. *Factual background.*

"On appeal from an order granting or denying summary judgment, we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant." *State Farm Automobile Mut. Ins. Co. v. Todd*, 309 Ga. App. 213, 213-214 (1) (709 SE2d 565) (2011) (citation and punctuation omitted). So viewed, the record shows that this action arises out of an automobile collision that occurred on November 6, 2016. Shawn Walker sued Ermes Medrano, the named insured on the ACCC policy at issue, and his son, Anthony Medrano.

Walker filed suit on March 22, 2017. ACCC retained defense counsel for the Medranos, and that attorney filed an answer to Walker's complaint on the Medranos' behalf on April 24, 2017. That same day, ACCC filed this declaratory judgment action to determine whether it had a duty to defend the Medranos and whether the claims arising from the collision were covered by the policy.

ACCC moved for summary judgment, arguing that there was no coverage because of certain policy exclusions. Walker responded arguing, among other things, that ACCC had waived its noncoverage defenses. The court summarily denied ACCC's motion. We granted ACCC's application for interlocutory appeal, and this appeal follows.

2. *Reservation of rights*.

ACCC argues that the trial court erred in denying its motion for summary judgment because, under the circumstances of this case, policy exclusions excepted coverage for damages arising from the collision and ACCC effectively reserved its rights to deny coverage. Walker responds that ACCC waived any issues of noncoverage because it assumed control of the Medranos' defense without first unambiguously informing them of its reservation of rights.

An insurer "is deemed estopped from asserting the defense of noncoverage" if it "assumes and conducts an initial defense without effectively notifying the insured that it is doing so with a reservation of rights[.]" *World Harvest Church*, 287 Ga. at 156 (2).An insurer's notice of its reservation of rights must be timely and unambiguous, and it must "fairly inform[] the insured of the insurer's position." Id. at 152 (1). To do so, the notice "cannot be only a statement of future intent" but "[a]t

3

a minimum, . . . must fairly inform the insured that, notwithstanding the insurer's defense of the action, it disclaims liability and does not waive the defenses available to it against the insured. The reservation of rights should also inform the insured of the specific basis for the insurer's reservations about coverage[.]" Id. (citations and punctuation omitted).

Here, the parties do not dispute that ACCC assumed the defense of the action on behalf of the Medranos and filed an answer on their behalf on April 24, 2017. The question is whether ACCC timely and unambiguously so informed Ermes Medrano and thereby effectively reserved its rights to deny coverage.

ACCC argues that it orally informed Ermes Medrano of its reservation of rights in a voice mail message left on his telephone on April 5, 2017 — 19 days before it entered a defense on the Medranos' behalf. But the employee who left the voice mail testified only that she had "called and left a voice mail with Ermes Medrano, because Anthony Medrano is a minor, regarding ACCC defending the [underlying] lawsuit, . . . pursuant to [a] previous reservation of rights issued on the file" "due to coverage concerns." That message may or may not have been sufficient. Whether it effectively reserved ACCC's rights by unambiguously communicating to Ermes Medrano the

4

kind of information required by *World Harvest Church*, supra, 287 Ga. at 152-153(1), is a question for the fact finder.

ACCC also asserts that not until November 17, 2017, when it took Anthony Medrano's deposition, did it learn of two of its potential defenses: that Anthony Medrano was allegedly driving in violation of the terms of his driver's license and that Anthony Medrano was allegedly driving without his father's permission to use the car. Accordingly, ACCC argues that its November 20, 2017 reservation of rights which listed those two defenses was timely.

But more than a year earlier, on November 6, 2016, the Georgia Uniform Motor Vehicle Accident Report listed the driver of the insured vehicle as Anthony Medrano and indicated that Anthony Medrano had been charged with driving on an invalid license in violation of OCGA § 40-5-20 and driving on a restricted license in violation of OCGA § 40-5-30. Whether ACCC had constructive knowledge of its potential defense that Anthony Medrano was allegedly driving in violation of the terms of his driver's license before it assumed the defense is a question for the fact finder.

Whether ACCC had constructive knowledge of its potential defense that Anthony Medrano was driving without his father's permission before ACCC assumed

5

the defense of the Medranos is also a question for the fact finder. The accident report indicated that the collision occurred at about 10:30 on a Sunday night. And Ermes Medrano testified that at some unspecified time "after this accident" he told ACCC that he allowed Anthony Medrano to use the car "*for school purposes*," although he also testified that Anthony Medrano could use the car any time he wanted it.

"[C]onstruing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to [Walker]," *Todd*, 309 Ga. App. at 214 (1), ACCC has not demonstrated that there is no genuine issue of material fact on the waiver issue. So we affirm the trial court's denial of ACCC's motion for summary judgment.*

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps, concurs. McMillian, P.J., concurs in the judgment only.*

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**